UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARISA ANN BELLECI,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>RICK MROCZEK, et al.,<br><br>　　　　Defendants. | Case No. 21-cv-09630-RS<br><br>**ORDER DENYING APPLICATION FOR TEMPORARY RESTRAINING ORDER** |

Appearing in pro se, plaintiff Marisa Ann Belleci brings this action alleging a wrongful foreclosure of her residential property. Belleci requests an "emergency hearing" and a temporary restraining order "due to the pending title dispute." It is not entirely clear what Belleci seeks to enjoin. It appears the foreclosure has already taken place. It may be the Belleci is hoping to prevent an eviction, but she provides no information as to any unlawful detainer action that may be underway or completed, or as to any eviction proceedings that may be pending.

A temporary restraining order (TRO) may be granted upon a showing "that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). A request for a TRO is evaluated by the same factors that generally apply to preliminary injunctions, see *Stuhlbarg Int'l. Sales Co. v. John D. Brushy & Co.*, 240 F.3d 832, 839 n. 7 (9th Cir. 2001), and as a form of preliminary injunctive relief, a TRO is an "extraordinary remedy" that is "never granted as of right." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). Rather, the moving party bears the burden of demonstrating

that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter*, 555 U.S. at 20. Alternatively, if the moving party can demonstrate the requisite likelihood of irreparable harm, and show that an injunction is in the public interest, relief may issue so long as there are serious questions going to the merits and the balance of hardships tips sharply in the moving party's favor. *Alliance for Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011) (concluding that the "serious questions" version of the sliding scale test for preliminary injunctions remains viable after *Winter*).

Here, Belleci's complaint invokes a hodgepodge of frivolous theories that have repeatedly been found meritless in cases alleging wrongful foreclosure. Were this a motion to dismiss, Belleci might be given leave to amend in light of her pro se status, but as matters stand now, it does not appear Belleci has stated any viable claim.

Accordingly, even if Belleci had made an adequate showing as to what "immediate and irreparable injury, loss, or damage," is threatened, and that all other factors supporting issuance of a TRO were satisfied, her failure to show any likelihood of success on the merits precludes granting her application. Finally, although Belleci's application makes passing reference to a permanent injunction, she has not requested a preliminary injunction, and no grounds to set a hearing to consider one appear. The application is denied.

**IT IS SO ORDERED**.

Dated: December 14, 2021

RICHARD SEEBORG
Chief United States District Judge