**ZBS LAW, LLP**
Magdalena Kozinska, Bar No. 258403
30 Corporate Park, Suite 450
Irvine, CA 92606
Telephone: (714) 848-7920
Fax: (714) 908-2615
mkozinska@zbslaw.com

Attorney for Defendants,
RICK MROCZEK, ZBS LAW, LLP and BSI FINANCIAL SERVICES

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Marisa Ann Belleci, | Case No.:   3:21-cv-09630-RS |
| Plaintiff, | *[Assigned to the Honorable Richard Seeborg]* |
| v. | **DEFENDANTS RICK MROCZEK, ZBS LAW, LLP AND BSI FINANCIAL SERVICES' NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES** |
| Rick Mroczek, ZBS LAW, LLP, BSI Financial Services, | |
| Defendants. | |
| | **[F.R.C.P. 12(b)(6)]** |
| | **HEARING DATE:** |
| | Date:      June 30, 2022 |
| | Time:      1:30 p.m. |
| | Crtrm:    3, 17th Fl. |

TO THE HONORABLE RICHARD SEEBORG, UNITED STATES DISTRICT COURT JUDGE, AND ALL OTHER INTERESTED PARTIES:

PLEASE TAKE NOTICE that, on June 30, 2022, at 1:30 p.m. in Courtroom 3 of the United States District Court for the Northern District of California, located

1

at 450 Golden Gate Avenue, San Francisco, California 94102, Defendants RICK MROCZEK ("Mr. Mroczek"), ZBS LAW, LLP ("ZBS") and BSI FINANCIAL SERVICES ("BSI") (collectively "Movants") will and hereby do move to dismiss the Complaint filed by Plaintiff MARISA ANN BELLECI ("Plaintiff") pursuant to Federal Rules of Civil Procedure ("FRCP"), Rule 12(b)(6) for the failure to state a claim upon which relief can be granted.  Accordingly, Plaintiff's claims have no merit, and Movants move for an order by this Court dismissing the Complaint without leave to amend.

**PLEASE TAKE FURTHER NOTICE** that this Motion is made on the grounds that Plaintiff has failed to plead the essential facts to set forth any viable claim for which relief can be granted and/or the claims set forth by Plaintiff are either barred, preempted and/or inapplicable on their face.

This Motion is based upon this Notice of Motion and Motion, the supporting Memorandum of Points and Authorities set forth below, the concurrently filed Request for Judicial Notice, the complete file and records in this action, the oral argument of counsel, if any, and such other and further evidence as the Court might deem proper.

Respectfully submitted,

DATED:  May 25, 2022                  ZBS LAW, LLP


By: */s/ Magdalena Kozinska*
Magdalena Kozinska, Esq.
Attorney for Defendants,
RICK MROCZEK, ZBS LAW, LLP and
BSI FINANCIAL SERVICES

2

# **TABLE OF CONTENTS**

I.     INTRODUCTION ................................................................. 10

II.    FACUTAL AND PRODECURAL HISTORY ................................. 10

III.   ARGUMENT ...................................................................... 11

       A.    Legal Standard For A 12(B)(6) Motion To Dismiss: .................. 11

       B.    The Actions of a Foreclosure Trustee Pursuant to a Deed of Trust are
             Privileged: ............................................................... 12

       C.    Plaintiff fails to State a Claim for Wrongful Foreclosure: ........... 18

       D.    Plaintiff fails to State a Claim for Violation of the FDCPA: ......... 20

       E.    Plaintiff fails to State a Claim for Violation of TILA: ............... 21

       F.    Plaintiff fails to State a Claim for Breach of Contract: .............. 22

       G.    Plaintiff fails to State a Claim for Violation of Federal Trust and Lien
             Laws: ..................................................................... 24

       H.    Plaintiff fails to State a Claim for Slander of Title: .................. 24

       I.    Plaintiff fails to State a Claim for Slander of Credit: ................. 25

       J.    Plaintiff fails to State a Claim for Infliction of Emotional Distress: ......... 27

       K.    The Court Should Deny Leave To Amend ............................... 28

IV.    CONCLUSION ................................................................... 29

NOTICE OF MOTION AND MOTION                                    3:21-cv-09630-RS
TO DISMISS COMPLAINT

# TABLE OF AUTHORITIES

### State Cases

*Abdallah v. United Savings Bank*
(1996) 43 Cal.App.4th 1101, 1109 ........................................................ 18

Albertini v. Schaefer
(1979) 97 Cal. App. 3d 822 ................................................................... 25

*Alcorn v. Anbro Engineering, Inc.,*
(1970) 2 Cal.3d 493, 497 ...................................................................... 27

*Arnolds Mgmt. Corp. v. Fisher*
(1984) 158 Cal.App.3d 575, 578-579 ..................................................... 18

Brown v. Kelly Broadcasting Co.
(1989) 48 Cal. 3d 711, 723 ................................................................... 27

*California Livestock Production Credit Assn. v. Sutfin*
(1985) 165 Cal. App. 3d 136, 141-142 ................................................... 13

*Coleman v. Republic Indem. Ins. Co.,*
(2005) 132 Cal.App.4th 403, 416 .......................................................... 27

*Des Granges v. Crall*
(1915) 27 Cal. App. 313 ....................................................................... 25

*Durell v. Sharp Healthcare*
(2010) 183 Cal.App.4th 1350, 1367 ....................................................... 22

*Edwards v. Centex Real Estate Corp.*
(1997) 53 Cal.App.4th 15, 29 ............................................................... 28

*Erlich v. Menezes*
(1999) 21 Cal.4th 543, 555 ................................................................... 27

*Fletcher v. Western Nat'l Life Ins. Co.*
(1970) 10 Cal.App.3d 376, 394 ............................................................. 27

*FPCI RE-HAB 01 v. E & G Invest., Ltd.*
(1989) 207 Cal.App.3d 1018, 1021 ........................................................ 18

*Francis v. Dun & Bradstreet, Inc.*
(1992) 3 Cal. App. 4th 535, 540 ............................................................ 26

*Gomes v. Countrywide Home Loans, Inc.*
(2011) 192 Cal.App.4th 1149, 1155 ................................................. 19, 24

*Hatch v. Collins*
(1990) 225 Cal. App. 3d 1104, 1111 ...................................................... 13

4

*Homestead Savings v. Darmiento, supra*
230 Cal.App.3d at pp. 432–433, 281 Cal.Rptr. 367 ........................................... 17

*I. E. Associates v. Safeco Title Ins. Co.*
(1985) 39 Cal.3d 281, at 287–288 ......................................................... 13, 16

*Kachlon v. Markowitz*
(2008) 168 Cal.App.4th 316 ........................................................ 15, 16, 17, 28

*Karlsen v. American Savings & Loan Assoc.*
(1971) 15 Cal.App.3d 112, 117 ............................................................ 18

*Moeller v. Lien*
(1994) 25 Cal.App.4th 822, 834 ............................................................ 17

*Noel, supra,*
113 Cal.App.4th at pp. 1370–1371, 7 Cal.Rptr.3d 216 ......................................... 17

Pavlovsky v. Board of Trade of San Francisco
(1959) 171 Cal. App. 2d 110, 114 .......................................................... 26

*Poseidon Dev., Inc. v. Woodland Lane Estates, LLC*
(2007) 152 Cal.App.4th 1106, 1117-1118 ...................................................... 19

*Residential Capital v. Cal-Western Reconveyance Corp.*
 (2003) 108 Cal.App.4th 807, 827 .......................................................... 13

*Roemer v. Retail Credit Co.*
(1970) 3 Cal.App.3d 368, 371, 83 Cal.Rptr. 540 .................................... 17, 26, 27

*Ross v. Creel Printing & Publishing Co., Inc.,*
(2002) 100 Cal. App. 4th 736, 745 .......................................................... 27

*Rubin v.Green*
(1993) 4 Cal. 411 1187, 1194-1195 ......................................................... 28

*Sanborn v. Chronicle Pub. Co.*
 (1976) 18 Cal.3d 406, 413 ................................................................ 15

*Scannell v. County of Los Angeles*
(1984) 152 Cal.App.3d 596, 615 ........................................................... 27

*Schep v. Capital One, N.A.*
(2017) 12 Cal.App 5th 1331 ............................................................... 17

*Shuster v. BAC Home Loans Servicing*, LP
(2012) 211 Cal.App.4th 505, 511–1 ........................................................ 19

*Silberg v. Anderson*,
(1990) 50 Cal.3d 205, 216 ................................................................ 28

NOTICE OF MOTION AND MOTION
TO DISMISS COMPLAINT

3:21-cv-09630-RS

*Southcott v. Pioneer Title Co.*
(1962) 203 Cal.App.2d 673, 676 ................................................................ 24

*Stephens, Partain & Cunningham v. Hollis*
(1987) 196 Cal.App.3d 948, 955 ............................................................... 13

Stevens v. Kobayshi
(1912) 20 Cal. App. 153, 154 ................................................................... 25

*Taus v. Loftus*
(2007) 40 Cal.4th 683, 721 ...................................................................... 15

*United States Cold Storage v. Great Western Savings & Loan Assoc.*
(1985) 165 Cal.App.3d 1214, 1222 ............................................................ 18

*Vournas v. Fidelity Nat. Tit. Ins. Co.*
(1999) 73 Cal.App.4th 668, 677 ............................................................... 13


**Federal Cases**

*Ashcroft v. Iqbal*
(2009) 556 U.S. 662, 679 ......................................................................... 11

*Bascos v. FHLMC,*
2011 WL 3157063 at *6 (C.D. Cal. 2011) ................................................. 22

*Bell Atl. Corp. v. Twombly,*
(2007) 550 U.S. 544, 555 ......................................................................... 12

*Benham v. Aurora Loan Servs.,*
2009 U.S. Dist. LEXIS 91287, *19 (N.D. Cal. 2009) ...................................... 23

*Fayer v. Vaughn*
649 F.3d 1061, 1064 (9th Cir. 2011) ......................................................... 11

*Fontaine v. Bank of Am., N.A.,*
 2015 U.S. Dist. LEXIS 2111 at *11-13 (S.D. Cal. Jan. 7, 2015) ..................... 23

*Gamboa v. Tr. Corps,*
2009 WL 656285, at *4 (N.D. Cal. 2009) .................................................. 20

*Garcia v. Wachovia Mortg,*
676 F.Supp.2d 895 (C.D. Cal. 2009) ......................................................... 22

*Garcia v. Wells Fargo Bank, N.A.*
2015 WL 3742815 at *2 (C.D. Cal. June 15, 2015) ...................................... 12

*Gibbs v. JP Morgan Chase Bank,*
2013 WL 8360300, at *5 (C.D. Cal. 2013) ................................................. 20

6

Hafiz v. Greenpoint Mortage Funding, Inc.,
652 F. Supp. 2d 1039, 1043 (N.D. Cal. 2009)................................................................. 23

*Harris v. Amgen, Inc.*
738 F.3d 1026, 1035 (9th Cir. 2013) ............................................................................. 11

*Ho v. ReconTrust Company, NA,*
858 F.3d 568, 572-73 (9th Cir. 2017)............................................................................ 20

*In re Smith*,
289 F.3d 1155, 1157 (9th Cir. 2002) ............................................................................. 22

Javaheri v. JPMorgan Chase Bank, N.A.,
2012 WL 6140962, at *7 (C.D. Cal. 2012) .................................................................... 23

*Jones v. Countrywide Homeloan,*
2011 WL2462845 at *5 (E.D. Cal. 2011) ...................................................................... 23

*Jones v. E\*Trade Mortg. Corp.,*
397 F.3d 810, 812–13 (9th Cir. 2005)............................................................................ 21

*King v. State of Cal.,*
784 F.2d 910, 913 (9th Cir. 1986)................................................................................. 22

Lane v. Vitek Real Estate Indus Group,
713 F. Supp. 2d 1092, 1098-99 (E.D. Cal. 2010)........................................................... 23

*Livid Holdings Ltd. v. Solomon Smith Barney, Inc.*
416 F.3d 940, 946 (9th Cir. 2005) ................................................................................ 12

*Logvinov v. Wells Fargo Bank,*
2011 WL 6140995 at *3 (N.D. Cal. 2011) .................................................................... 23

*MGIC Indem. Corp. v. Weisman*
803 F.2d 500, 504 (9th Cir. 1986) ................................................................................ 12

*Obduskey v. McCarthy & Holthus LLP,*
2019 WL 1264579, at *1 (U.S. 2019) ...................................................................... 20, 21

*Parrino v. FHP, Inc.*
146 F.3d 699, 706 (9th Cir. 1998) ................................................................................ 12

*Rosenberg v. Bank of America*
2016 WL 7444908 at *5 (C.D. Cal. Sept. 14, 2016)....................................................... 12

*Rutman Wine Co. v. E. & J. Gallo Winery*
829 F.2d 729, 738 (9th Cir. 1987) ................................................................................ 28

*Salazar v. Accredited Home Lenders, Inc.*
 2010 WL 2674405, *4 (S.D. Cal. 2010) ....................................................................... 25

7

*Schlegel v. Wells Fargo Bank, NA,*
720 F.3d 1204, 1207-1211 (9th Cir. 2013).......................................... 20

*Schwarz v. United States*
234 F.3d 428, 435 (9th Cir. 2000) ...................................................... 11

*Shaw v. Hahn*
56 F.3d 1128, 1129, fn. 1 (9th Cir. 1995)............................................ 12

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*
551 U.S. 308, 322 (2007) .................................................................... 11

Wadhwa v. Aurora Loan Servs., LLC,
2011 WL 2681483, at *4 (E.D. Cal. 2011 ............................................ 23

*Watts v. Decision One Mortg. Co., LLC,*
2009 WL 648669, *6 (S.D. Cal. 2009) ........................................... 24, 25

## Other Authorities

1 Cal. Real Estate Finance Practice: Strategies and Forms
(Cont.Ed.Bar 2007) §§ 4.3–4.6, pp. 196–199 ............................... 13, 16

4 Miller & Starr, Cal. Real Estate (3d ed. 2000) § 10:2, p. 15................... 13, 16, 18

5 Witkin, Summary of Cal. Law (9th ed 1988) Torts, sect. 494, p. 583 .......................... 26

Truth in Lending Act, Regulation Z, 12 C.F.R. § 226.23 ............................... 21

## Statutes

15 U.S.C. § 1601 ..................................................................................... 21

15 U.S.C. § 1635(a) ................................................................................ 21

15 U.S.C. §1635(f) .................................................................................. 22

15 U.S.C. §1640(e) ............................................................................ 21, 22

*Civil Code* § 47 ..................................................................................... 14

*Civil Code* § 47(b) ........................................................................... 25, 28

*Civil Code* § 47(c) ...................................................................... 15, 25, 26

*Civil Code* § 47(c)(1) ........................................................................ 15, 28

*Civil Code* § 48a(d)(4) ......................................................................... 15

*Civil Code* §1788 .................................................................................. 14

8

*Civil Code* § 2924 ............................................................................................... 14, 15

*Civil Code* §2924(a)(1) ......................................................................................... 19, 24

*Civil Code* §2924(d) ........................................................................................ 14, 25, 28

*Civil Code* §2924f ...................................................................................................... 25

*Civil Code* § 2934a .................................................................................................... 13

*Civil Code* § 3294 ...................................................................................................... 15

*Code of Civil Procedure* § 729.040 ............................................................................ 14

*Code of Civil Procedure* § 729.050 ............................................................................ 14

*Code of Civil Procedure* § 729.080 ............................................................................ 14

NOTICE OF MOTION AND MOTION
TO DISMISS COMPLAINT

3:21-cv-09630-RS

## MEMORANDUM OF POINTS AND AUTHORITIES
## I.   INTRODUCTION

Plaintiff's lawsuit is frivolous and unsupported by facts or law.  In essence, Plaintiff's entire Complaint is premised on the argument that the foreclosure of the Property is void because "the foreclosing party lacked standing to foreclose because they did not have legal authority to execute the power of sale clause in the deed of trust..." [Complaint, pg. 7, ¶8.17] which fails as a matter of law and has been repeatedly rejected by California state and federal courts.

Moreover, the recording of foreclosure notices is a privileged activity and there is no liability as to Movants.  Additionally, Plaintiff alleges violations of the FDCPA and TILA but fails to provide any facts or law to support her claims.

Bottomline, all of Plaintiff's theories in the Complaint are not only unsupported, but illogical and fail as a matter of law.  As a result, Movants' Motion to Dismiss should be granted without leave to amend since any opportunity to amend would be futile.

## II.   FACUTAL AND PRODECURAL HISTORY

On or about January 19, 2007, Plaintiff borrowed $290,000.00 ("Loan") from World Savings Bank, FSB ("WSB") secured by a Deed of Trust ("DOT") against a real property known as 4320 Foothill Way, Pittsburg, CA 94565 ("Property").  A true and correct copy of the DOT is attached as **Exhibit A** to the concurrently filed Request for Judicial Notice ("RJN").  The DOT recorded in the Official Records of Contra Costa County on February 8, 2007, as Document No. 2007-0040011-00, identifies WSB as the beneficiary and Golden West Savings Association Services Co. ("Golden West") as Trustee. See, RJN, Exhibit A.

On February 22, 2017, a Corporate Assignment of Deed of Trust ("Assignment") was executed reflecting the assignment of the DOT to Wilmington Savings Fund Society, FSB D/B/A Christina Trust not in its individual capacity but solely as Trustee of the Brougham Fund I Trust ("Wilmington").  A true and correct

NOTICE OF MOTION AND MOTION
TO DISMISS COMPLAINT

3:21-cv-09630-RS

1   copy of the recorded Assignment is attached as **Exhibit B** to the RJN.

2       On January 15, 2020, ZBS was substituted as trustee under the DOT. A true

3   and correct copy of the recorded Substitution of Trustee ("SOT") is attached as

4   **Exhibit C** to the RJN. Mr. Mroczek is an employee of ZBS.

5       As a result of Plaintiff's default on the Loan - for which BSI served as loan

6   servicer - duly noticed foreclosure proceedings were commenced.  Accordingly, on

7   February 6, 2020, when Plaintiff was at least $43,705.88 in default, a Notice of

8   Default and Election to Sell was recorded ("NOD"). A true and correct copy of the

9   NOD is attached as **Exhibit D** to the RJN. When the default was not cured, a Notice

10  of Trustee's Sale ("NOTS") was recorded against the Property on October 4, 2021.

11  A true and correct copy of the NOTS is attached as **Exhibit E** to the RJN. The

12  Property was sold to a third-party purchaser on November 1, 2021.

13      On December 14, 2021, Plaintiff filed this action against Movants, purportedly

14  alleging wrongful foreclosure.

15                    **III.   ARGUMENT**

16  **A.   Legal Standard For A 12(B)(6) Motion To Dismiss:**

17      A party may move to dismiss a complaint when it fails "to state a claim upon

18  which relief can be granted." FRCP, Rule 12(b)(6).  In ruling on a motion to dismiss,

19  courts consider the "well-pleaded factual allegations" in a complaint, "'documents

20  incorporated into the complaint by reference, and matters of which a court may take

21  judicial notice.'" *Harris v. Amgen, Inc.*, 738 F.3d 1026, 1035 (9th Cir. 2013) (quoting

22  *Tellabs, Inc. v. Makor Issues & Rights, Ltd*., 551 U.S. 308, 322 (2007)); *see Ashcroft*

23  *v. Iqbal*, (2009) 556 U.S. 662, 679. However, courts may disregard legal conclusions.

24  *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011)  In addition, courts need not

25  accept the truth of allegations contradicted by judicially noticeable facts, *Schwarz v.*

26  *United States*, 234 F.3d 428, 435 (9th Cir. 2000), and it "may look beyond the

27  plaintiff's complaint to matters of public record" without converting the motion into

28  a motion for summary judgment, *Shaw v. Hahn*, 56 F.3d 1128, 1129, fn. 1 (9th Cir.

1   1995). Courts must dismiss a complaint if it fails to "contain sufficient allegations

2   of underlying facts to give fair notice and to enable the opposing party to defend itself

3   effectively" or fails to "plausibly suggest an entitlement to relief." *Starr v. Baca*, 652

4   F.3d 1202, 1216 (9th Cir. 2011); *see Bell Alt. Corp. v. Twombly*, (2007) 550 U.S.

5   544, 555. Courts need not grant leave to amend when amendment would be futile,

6   and "it is clear that the complaint could not be saved by an amendment." *Livid*

7   *Holdings Ltd. v. Solomon Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir. 2005).

8           Further, matters that are properly the subject of judicial notice may be

9   considered when deciding a motion to dismiss for failure to state a claim. *MGIC*

10  *Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986). The Court may also

11  consider documents attached to a Motion to Dismiss where a plaintiff's complaint

12  necessarily relies on such document *even though* it was not mentioned in or attached

13  to the complaint. *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998) (superseded

14  by statute on other grounds). This prevents a plaintiff from "deliberately omitting

15  references to documents upon which their claims are based." *Id; Garcia v. Wells*

16  *Fargo Bank, N.A.,* 2015 WL 3742815 at *2 (C.D. Cal. June 15, 2015); *Rosenberg v.*

17  *Bank of America,* 2016 WL 7444908 at *5 (C.D. Cal. Sept. 14, 2016).

18  **B.      The Actions of a Foreclosure Trustee Pursuant to a Deed of Trust are**

19          **Privileged:**

20          ZBS is a foreclosure trustee and its actions as trustee are protected by multiple

21  privileges. Since Mr. Mroczek[1] is named in this action solely in his capacity as an

22  employee for ZBS, while performing his duties for ZBS, the same defenses apply to

23  him.

24          Under a deed of trust containing a power of sale like the loan in this matter, the

25  borrower, or "trustor," conveys nominal title to the property to an intermediary, the

26

27  [1] Plaintiff alleges that Mr. Mroczek is an attorney who "does not have a license to practice law and
    therefore is not qualified to represent a fictitious corporation in court." [Complaint, pg. 3, ¶ 3.2]. At

28  no time did Mr. Mroczek represent himself to be an attorney, he merely executed the NOD on
    behalf of the trustee as "Trustee Sale Officer". See, RJN, Exhibit D.

NOTICE OF MOTION AND MOTION                          3:21-cv-09630-RS
TO DISMISS COMPLAINT

1 "trustee," who holds that title as security for repayment of the loan to the lender, or

2 "beneficiary." *See,* 1 Cal. Real Estate Finance Practice: Strategies and Forms

3 (Cont.Ed.Bar 2007) §§ 4.3–4.6, pp. 196–199; 4 Miller & Starr, Cal. Real Estate (3d

4 ed. 2000) § 10:2, p. 15 (4 Miller & Starr).

5        A trustee under a deed of trust is ***not*** considered to be a trustee in the traditional

6 sense of that term.  "Although commonly called a 'trustee,' a trustee under a deed of

7 trust is not the kind of trustee identified in former Civil Code section 2229. Just as a

8 panda is not an ordinary bear, a trustee of a deed of trust is not an ordinary trustee.  A

9 trustee under a deed of trust has neither the powers nor the obligations of a strict

10 trustee; he serves as a kind of common agent for the parties." *Stephens, Partain &*

11 *Cunningham v. Hollis* (1987) 196 Cal.App.3d 948, 955 (citations and footnote

12 omitted). The scope and nature of the trustee's duties are exclusively defined by the

13 deed of trust and the governing statutes. No other common law duties exist. *I. E.*

14 *Associates v. Safeco Title Ins. Co.* (1985) 39 Cal.3d 281, at 287–288; *Residential*

15 *Capital v. Cal-Western Reconveyance Corp.* (2003) 108 Cal.App.4th 807, 827.  The

16 trustee under a deed of trust is not the trustor's fiduciary. *Hatch v. Collins* (1990) 225

17 Cal. App. 3d 1104, 1111; *California Livestock Production Credit Assn. v. Sutfin*

18 (1985) 165 Cal. App. 3d 136, 141-142. These duties cannot be expanded by the

19 Courts and no other common law duties exist. *See, Civil Code* § 2934a, "conferring

20 no other duties upon the trustee than those which are incidental to the exercise of the

21 power of sale."

22        Accordingly, a trustee's duties are typically twofold: (1) to "reconvey" the deed

23 of trust to the trustor upon satisfaction of the debt owed to the beneficiary, resulting

24 in a release of the lien created by the deed of trust, or (2) to initiate nonjudicial

25 foreclosure on the property upon the trustor's default, resulting in a sale of the

26 property. *Vournas v. Fidelity Nat. Tit. Ins. Co.* (1999) 73 Cal.App.4th 668, 677; *see*

27 4 Miller & Starr, supra, §§ 10:4, p. 23, 10:111, p. 340.

28        Pursuant to well-established California law, ***the conduct of ZBS, (and in turn***

***Mr. Mroczek, as an employee of ZBS), as the statutory foreclosure trustee was privileged at all times relevant in this matter***.  The allegations in the Complaint alleged against ZBS and Mr. Mroczek, are based on their conduct relating to the foreclosure process.  Absent a showing of malice, said conduct was privileged as a matter of law by *Civil Code* §§ 47 and 2924(d).

*Civil Code* § 47 provides as follows:

A privileged publication or broadcast is one made:
(a) In the proper discharge of an official duty.
(b) In any (1) legislative proceeding, (2) judicial proceeding, (3) in any other official proceeding authorized by law, or (4) in the initiation or course of any other proceeding authorized by law and reviewable pursuant to Chapter 2 (commencing with Section 1084) of Title 1 of Part 3 of the Code of Civil Procedure…
(c) In a communication, without malice, to a person interested therein, (1) by one who is also interested, or (2) by one who stands in such a relation to the person interested as to afford a reasonable ground for supposing the motive for the communication to be innocent, or (3) who is requested by the person interested to give the information.

*Civil Code* § 2924 provides, in relevant part, as follows:
\*\*\*
(b) In performing acts required by this article, the trustee shall incur no liability for any good faith error resulting from reliance on information provided in good faith by the beneficiary regarding the nature and the amount of the default under the secured obligation, deed of trust, or mortgage. In performing the acts required by this article, a trustee shall not be subject to Title 1.6c (commencing with Section 1788) of Part 4.
\*\*\*
(d) All of the following shall constitute privileged communications pursuant to Section 47:
(1) The mailing, publication, and delivery of notices as required by this section.
(2) Performance of the procedures set forth in this article.
(3) Performance of the functions and procedures set forth in this article if those functions and procedures are necessary to carry out the duties described in Sections 729.040, 729.050, and 729.080 of the Code of Civil Procedure.

14

NOTICE OF MOTION AND MOTION                                    3:21-cv-09630-RS
TO DISMISS COMPLAINT

Additionally, ZBS' and Mr. Mroczek's conduct in this matter is cloaked by a statutory common interest privilege. *Kachlon v. Markowitz* (2008) 168 Cal.App.4th 316 ("*Kachlon*"). Thus, any action or recovery is barred as to ZBS and Mr. Mroczek. In *Kachlon,* the California Court of Appeal analyzed the statutory scheme for nonjudicial foreclosure trustees and held that *Civil Code* § 2924 deems the statutorily required mailing, publication, and delivery of notices in a nonjudicial foreclosure, and the performance of statutory nonjudicial foreclosure procedures, to be **privileged communications** under the qualified common interest privilege of *Civil Code* § 47(c)(1). *See*, *Kachlon, supra* at 340, 344. Additionally, the Court in *Kachlon* also noted that another provision of *Civil Code* § 2924 grants a trustee immunity for <u>any</u> good faith error resulting from reliance on information provided in good faith by the lender regarding the nature and the amount of the default under the deed of trust. *See*, *Kachlon, supra* at 341. For this reason, as well, ZBS' and/or Mroczek's conduct, remains privileged.

The Complaint has absolutely no factual assertions that ZBS and/or Mr. Mroczek acted with malice. The common interest privilege discussed above applies to "a communication, without malice, to a person interested therein … by one who is also interested." *Civil Code* § 47(c); *See*, *Kachlon, supra* at 339. For the purposes of § 47's qualified privilege, "malice" means that the defendant (1) "'was motivated by hatred or ill will towards the plaintiff,'" or (2) "'lacked reasonable grounds for [its] belief in the truth of the publication and therefore acted in reckless disregard of the plaintiff's rights.'" *Sanborn v. Chronicle Pub. Co.* (1976) 18 Cal.3d 406, 413; *Taus v. Loftus* (2007) 40 Cal.4th 683, 721; *Civil Code* § 48a(d)(4) (defining "actual malice" as "hatred or ill will toward the plaintiff"). "Malice" means conduct which is <u>intended by the defendant</u> to cause injury to the plaintiff or <u>despicable conduct</u> which is carried on by the defendant with a <u>willful and conscious disregard</u> of the rights or safety of others. *Civil Code* § 3294. Here, Plaintiff has not and cannot establish intent, or that ZBS' and/or Mr. Mroczek's conduct was despicable and committed in a willful and

15

1  conscious disregard.

2      On the issue of malice, the court in *Kachlon* noted as follows (*Id.*, at 339-341,

3  343-435 (emphasis added)):

4      This privilege is a natural fit for nonjudicial foreclosure. The trustee's

5  statutory duties in effectuating the foreclosure are designed, in major
part, to communicate relevant information about the foreclosure to

6  other interested persons. The statutory notice of default is intended to
give notice of the trustor's default to "the trustor, the trustor's

7  successors, to junior lienors, other interested persons, and … to the
world." (4 Miller & Starr, supra, § 10:181, p. 553.) Similarly, the notice

8  of sale is intended to communicate necessary information concerning

9  the impending sale to the same persons. (See generally 4 Miller & Starr,
supra, § 10:199, pp. 623–629; see also 1 Bernhardt, Cal. Mortgage and

10  Deed of Trust Practice, supra, § 2.31, p. 81.) Thus, the trustee's statutory

11  duties in nonjudicial foreclosure are consistent with the type of
communications from one interested party to another covered by the

12  common interest privilege… **Trustees … need to have clearly defined**

13  **responsibilities to enable them to discharge their duties efficiently**
**and to avoid embroiling the parties in time-consuming and costly**

14  **litigation**. In taking all of these concerns into account, the statutes strike

15  an overall balance favoring the protection of trustors." (*I. E. Associates*,
supra, 39 Cal.3d at p. 288.)…The qualified common interest privilege,

16  on the other hand, would provide a significant level of protection to

17  trustees, leaving them open to liability only if they act with malice. At
the same time, it preserves the ability of trustors to protect against the

18  wrongful loss of property caused by a trustee's malicious acts….

19  Thus, unless Best Alliance acted with malice, it is immune from
liability under the common interest privilege…. As a matter of law, the

20  evidence failed to show that Best Alliance acted with malice…The

21  Markowitzes assert that by failing to obtain the original note and deed
of trust, Best Alliance acted with reckless disregard as to whether the

22  notice of default was warranted. We disagree. **"[M]ere negligence in**

23  **making 'a sufficient inquiry into the facts on which the statement**
**was based' does [not], of itself, relinquish the privilege. 'Mere**

24  **inadvertence or forgetfulness, or careless blundering, is no**

25  **evidence of malice.'** While '[the] concept of negligence is inherent in

26  the issue of probable cause' [citation], the decisions long ago
recognized that **to constitute malice the negligence must be such as**

27  **'evidenced a wanton and reckless disregard of the consequences**

28  16

**and of the rights and of the feelings of others'** (*(Roemer v. Retail Credit Co.* (1970) 3 Cal.App.3d 368, 371, 83 Cal.Rptr. 540*; see Noel, supra,* 113 Cal.App.4th at pp. 1370–1371, 7 Cal.Rptr.3d 216.)

Thus, the Court of Appeal inferred that trustee's omissions in *Kachlon* were, *at worst*, negligent. No evidence suggested that it acted with ill will or with reckless disregard for the truth and the court properly concluded that the trustee's conduct thus constituted privileged communications.  Just as in *Kachlon*, Plaintiff has offered no evidence that ZBS and/or Mr. Mroczek acted with ill will or with reckless disregard for the truth. In fact, the Complaint merely concludes that "defendant did not have legal authority to sign the notice of default letter on behalf of the trustee." [Complaint, pg. 1].  As discussed below, this is a false and baseless conclusion.  In 2017, the Court of Appeal again reiterated its holdings related to the trustee's privilege and plaintiff's burden to prove actual malice in *Schep v. Capital One, N.A.* (2017) 12 Cal.App 5th 1331.  Plaintiff simply cannot overcome this privilege.

Further, California courts have consistently rejected arguments from borrowers seeking to add new requirements to the statutory nonjudicial process, because the statutory framework is designed to be exhaustive.  As stated by the California Court of Appeal in *Moeller v. Lien* (1994) 25 Cal.App.4th 822, 834 (emphasis added):

> **The comprehensive statutory framework established to govern nonjudicial foreclosure sales is intended to be exhaustive**. (*Homestead Savings v. Darmiento, supra*, 230 Cal.App.3d at pp. 432–433, 281 Cal.Rptr. 367.) It includes a myriad of rules relating to notice and right to cure. It would be inconsistent with the comprehensive and exhaustive statutory scheme regulating nonjudicial foreclosures to incorporate another unrelated cure provision into statutory nonjudicial foreclosure proceedings.

Based on the forgoing, it is clear that Plaintiff failed to establish any wrongdoing by ZBS and/or Mr. Mroczek in its performance of its duties as foreclosure trustee under the subject DOT or pursuant to the relevant nonjudicial foreclosure statutes.

1

**C.      Plaintiff fails to State a Claim for Wrongful Foreclosure:**

2        As an initial matter, Plaintiff has failed to allege tender of the amount owed on

3   the Loan.  Absent a tender of the undisputed amounts, Plaintiff cannot invoke the

4   court's equitable powers to challenge the non-judicial foreclosure sale. *Abdallah v.*

5   *United Savings Bank* (1996) 43 Cal.App.4th 1101, 1109; *see also*, *United States Cold*

6   *Storage v. Great Western Savings & Loan Assoc.* (1985) 165 Cal.App.3d 1214, 1222;

7   *Karlsen v. American Savings & Loan Assoc.* (1971) 15 Cal.App.3d 112, 117. The

8   reasoning behind this rule is that a court of equity will not order the performance of

9   a useless act. *Karlsen*, *supra*, at 118; *FPCI RE-HAB 01 v. E & G Invest., Ltd.*, (1989)

10  207 Cal.App.3d 1018, 1021.  As explained in *F.P.C.I. Rehab 01, supra*:

11               This rule...is based upon the equitable maxim that a court of equity will
                 not order a useless act performed....if Plaintiff could not have redeemed
12               the property had the sale procedures been proper, any irregularities in
                 the sale did not result in damages to the Plaintiff.
13

14       The Tender Rule is not merely limited to equitable claims, though. Courts have

15  consistently expanded the application of the Tender Rule beyond equitable causes of

16  action to include <u>any</u> cause of action that is "*implicitly integrated*" with the

17  allegations of wrongful foreclosure. *Arnolds Mgmt. Corp. v. Fisher* (1984) 158

18  Cal.App.3d 575, 578-579.  Thus, as a condition precedent to any action challenging

19  a foreclosure, Plaintiff must tender or offer to tender a sum sufficient to cure the

20  default. *Karlsen*, *supra*, at 117 (judgment on the pleadings granted); *Arnolds*

21  *Management Corp. v. Fisher* (1984) 158 Cal.App.3d 575, 578-579; see also, 4 *Miller*

22  *& Starr, California Real Estate*, §9, 154, pp. 507-8 (2d Ed. 1989) and authorities

23  cited therein. The reasoning behind this rule is that a court of equity will not order

24  the performance of a useless act. *Karlsen*, *supra*, at 118; *FPCI RE-HAB 01, supra* at

25  1021.

26       Even if tender was not an issue, though, the cause of action would still fail as

27  it is based on the erroneous and unsupported speculation that the foreclosure of the

28  Property is void because "the foreclosing party lacked standing to foreclose because

18

1  they did not have legal authority to execute the power of sale clause in the deed of

2  trust..." [Complaint, pg. 7, ¶8.17]. *Civil Code* §2924(a)(1) provides that "[t]he

3  trustee, mortgagee, or beneficiary, or any of their authorized agents" may conduct

4  a non-judicial foreclosure. As stated in *Gomes v. Countrywide Home Loans, Inc.*

5  (2011) 192 Cal.App.4th 1149, 1155, no cause of action exists under California law

6  where a borrower can speculatively challenge a party's authority to foreclose. To

7  bring an action challenging whether a party to a foreclosure proceeding was

8  authorized to act, a plaintiff must allege a "***factual basis***" for the claim and must go

9  further than a mere "speculative suit." *Gomes, supra,* at p. 1156.

10   Not only does the Complaint fail to allege any facts to support these bare

11  conclusions but these conclusions are contradicted by the judicially noticeable

12  recorded title documents attached as Exhibits B, C and D to the RJN. Courts may

13  properly take judicial notice of the legal effect of such documents. *Poseidon*

14  *Dev.*, *Inc. v. Woodland Lane Estates, LLC* (2007) 152 Cal.App.4th 1106, 1117-1118.

15  Specifically, RJN Exhibit C, the SOT, shows that ZBS was substituted as trustee

16  under the DOT and RJN Exhibit D, the NOD, shows that ZBS, through Mr. Mroczek,

17  executed the NOD as trustee.

18   Plaintiff also claims that the "deed of trust, and the promissory note must

19  always be together, and without the note and the loan accounting entries, the attorney

20  has failed to prove there was any debt." [Complaint, pg. 7, ¶ 8.21]. Under California

21  law, there is no requirement that the foreclosing party be a "holder in due course."

22  *See Shuster v. BAC Home Loans Servicing*, LP, (2012) 211 Cal.App.4th 505, 511–12

23  (rejecting plaintiffs' argument that respondents could not foreclose on the property

24  "because they were not the 'holder in due course' of the promissory note"). Instead,

25  it is well established that "California's statutory nonjudicial foreclosure scheme does

26  not require that the foreclosing party have a beneficial interest in or physical

27  possession of the note." *Id.*

28   The bottom line is that there was nothing wrongful about the foreclosure here.

1   Plaintiff's claim fails and cannot be amended to cure the defects.

2   **D.    Plaintiff fails to State a Claim for Violation of the FDCPA:**

3   Plaintiff alleges that Movants violated the Fair Debt Collection Practices Act

4   ("FDCPA") based on the conclusionary and unsupported allegations that the "debt

5   collector in this case lied and used deceptive means to attempt to collect a debt" and

6   "…does not have a license to collect, a bond nor is the debt collector registered with

7   the Attorney General for my State." [Complaint, pg. 15, ¶¶ 19.8, 19.9]. Because

8   Plaintiff fails to remotely set forth any facts to establish a violation of any kind, her

9   FDCPA claim fails.

10   Moreover, none of the Movants are debt collectors as defined under the

11   FDCPA. "[T]he law is clear that foreclosing on a property pursuant to a deed of trust

12   is not a debt collection within the meaning of the RFDCPA or the FDCPA." *Gamboa*

13   *v. Tr. Corps*, 2009 WL 656285, at *4 (N.D. Cal. 2009); *Schlegel v. Wells Fargo Bank,*

14   *NA*, 720 F.3d 1204, 1207-1211 (9th Cir. 2013); *Gibbs v. JP Morgan Chase Bank*,

15   2013 WL 8360300, at *5 (C.D. Cal. 2013).  The United States confirmed in *Obduskey*

16   *v. McCarthy & Holthus LLP*, 2019 WL 1264579, at *1 (U.S. 2019) that an entity

17   pursuing "nonjudicial foreclosure proceedings is not a "debt collector" under the

18   FDCPA[.]" Furthermore, as noted by the Court, *Obduskey*'s central holding was that

19   "those whose 'principal purpose . . . is the enforcement of security interests' [are]

20   outside the scope of the primary 'debt collector' definition . . . where the business is

21   engaged in no more than the kind of security-interest enforcement at issue here -

22   nonjudicial foreclosure proceedings." *Id*. at 1031."

23   Additionally, in *Ho v. ReconTrust Company, NA*, 858 F.3d 568, 572-73 (9th

24   Cir. 2017), the Ninth Circuit also specifically emphasized that foreclosure trustees do

25   not fall under the FDCPA's general definition of "debt collectors" when they perform

26   the foreclosure procedures provided by California law, such as ZBS and its employee,

27   Mr. Mroczek, in this case.

28   Plaintiff fails to assert any facts to establish that Movants are indeed "debt

collectors" as contemplated under *Obduskey* for purposes of a FDCPA claim.  Thus, Plaintiff's FDCPA claim fails as a matter of law and should be dismissed <u>with</u> prejudice.

**E.    Plaintiff fails to State a Claim for Violation of TILA:**

The purpose of TILA is to ensure that users of consumer credit are informed as to the terms on which credit is offered them. 15 U.S.C. § 1601. To that end, the law requires creditors to "clearly and conspicuously disclose" borrowers' rights to rescind a home mortgage loan, in accordance with regulations of the Federal Reserve Board. 15 U.S.C. § 1635(a). The statute is implemented by Regulation Z, which requires creditors to describe the effects of rescission, including the creditor's obligation to "return any money or property that has been given to anyone in connection with the transaction." 12 C.F.R. § 226.23(d)(2). See, *Jones v. E\*Trade Mortg. Corp.,* 397 F.3d 810, 812–13 (9th Cir. 2005).

Here, Plaintiff makes the nonsensical argument that Mr. Mroczek violated the Truth in Lending Act, Regulation Z, 12 C.F.R. § 226.23 when he "mislead State Court when he executed the unlawful non-judicial foreclosure and eviction case against the plaintiff's property in State Court in Case # PS21-0343" because "the original debt was zero because the Plaintiff's financial assets was exchanged for FED's promissory notes in an even exchange." [Complaint, pg. 3, ¶ 3.1].

First, as stated above, at no time did Mr. Mroczek represent himself to be an attorney, he merely executed the NOD on behalf of the trustee as "Trustee Sale Officer".  See, RJN, Exhibit D.  Moreover, Plaintiff's conclusion that the "original debt was zero because the Plaintiff's financial asset was exchanged for FED's promissory notes in an even exchange" [Complaint, pg. 3, ¶ 3.1] is false, nonsensical and unsupported.

Furthermore, Plaintiff's TILA claim is barred by statute of limitations. All TILA actions for damages must be brought within one year of the alleged violation. 15 U.S.C. §1640(e). Actions for rescission based on improper material disclosure must

1   be brought within three years after the date of consummation of the transaction. 15

2   U.S.C. §1635(f). This time-period runs "from the date of consummation" of the

3   transaction, which generally is defined as the date on which the money is loaned to

4   the debtor. *King v. State of Cal.,* 784 F.2d 910, 913 (9th Cir. 1986); *Garcia v.*

5   *Wachovia Mortg*, 676 F.Supp.2d 895 (C.D. Cal. 2009). The Loan was made in January

6   of 2007 and Plaintiff's lawsuit was not filed until December 2021. [RJN, Exhibit A].

7   Therefore, Plaintiff's TILA claim is barred under both 15 U.S.C. §1640(e) and 15

8   U.S.C. §1635(f).

9           In addition, there is not one iota of factual support to bolster the conclusory

10  allegations that Movants violated TILA. Plaintiff does not plead any factual or legal

11  support. Lastly, Plaintiff's claims fail to set forth any actual damages suffered, as

12  required. *In re Smith*, 289 F.3d 1155, 1157 (9th Cir. 2002) ("in order to receive actual

13  damages for a TILA violation,…a borrower must establish detrimental reliance…*i.e.,*

14  any actual damage."). As a result, Plaintiff's TILA claim fails and should be dismissed

15  <u>with</u> prejudice.

16  **F.    Plaintiff fails to State a Claim for Breach of Contract:**

17          A claim "for damages for breach of contract is comprised of the following

18  elements: (1) the contract, (2) plaintiff's performance or excuse for nonperformance,

19  (3) defendant's breach, and (4) the resulting damages to plaintiff." *Durell v. Sharp*

20  *Healthcare* (2010) 183 Cal.App.4th 1350, 1367. Although difficult to decipher from

21  Plaintiff's convoluted argument, Plaintiff appears to allege that she never received a

22  Loan because the Loan was securitized. [Complaint, pg. 10].  This argument is

23  nonsensical.  Assuming the Loan was indeed securitized, assigning a loan into a

24  securitized trust does not change the obligations owed by a borrower under the terms

25  of the loan.

26          California state and federal courts have consistently rejected such claims.

27  *Bascos v. FHLMC*, 2011 WL 3157063 at *6 (C.D. Cal. 2011) ("to the extent Plaintiff

28  contends that defendants do not have the authority to foreclose because the loan was

22

packaged and resold in the secondary market, this argument is rejected."); *Logvinov v. Wells Fargo Bank,* 2011 WL 6140995 at *3 (N.D. Cal. 2011) (collecting cases); *Jones v. Countrywide Homeloan,* 2011 WL2462845 at *5 (E.D. Cal. 2011) ("the court finds that the legal theory related to "securitization," to the extent it has been expressed at all, is completely without support."); *Benham v. Aurora Loan Servs*., 2009 U.S. Dist. LEXIS 91287, *19 (N.D. Cal. 2009) ("[o]ther courts in this district have summarily rejected the argument that companies . . . lose their power of sale pursuant to the deed of trust when the original promissory note is assigned to a trust pool."); *Hafiz v. Greenpoint Mortgage Funding, Inc*., 652 F. Supp. 2d 1039, 1043 (N.D. Cal. 2009) (argument that "all defendants lost their power of sale pursuant to the deed of trust when the original promissory note was assigned to a trust pool" is "both unsupported and incorrect"); *Lane v. Vitek Real Estate Indus Group,* 713 F. Supp. 2d 1092, 1098-99 (E.D. Cal. 2010); *Wadhwa v. Aurora Loan Servs., LLC,* 2011 WL 2681483, at *4 (E.D. Cal. 2011 (rejecting argument that "assignment of the note to a [REMIC] renders any interest in the property other than plaintiffs' somehow invalid"); *Javaheri v. JPMorgan Chase Bank, N.A.*, 2012 WL 6140962, at *7 (C.D. Cal. 2012) ("Although Javaheri contends that the Lender received payment in full upon securitization of his Note, courts have consistently disagreed, holding that 'the sale or pooling of investment interests in an underlying note [cannot] relieve borrowers of their mortgage obligations.'").

Moreover, California cases have rejected the argument that nondisclosure of the securitization of a loan could give rise to a viable claim particularly where, as here, the DOT expressly stated that the loan could be sold one or more times without prior notice to the borrower. *See,* RJN Exhibit 1.  *See, Fontaine v. Bank of Am., N.A.,* 2015 U.S. Dist. LEXIS 2111 at *11-13 (S.D. Cal. Jan. 7, 2015).

Accordingly, Plaintiff's purported contention that her obligation to repay the loan was satisfied because the loan was securitized is blatantly erroneous and invalid. Therefore, Plaintiff cannot set forth any facts to establish a contractual breach or

23

1   damages.  As such, Plaintiff's breach of contract claim fails as a matter of law and

2   should be dismissed <u>with</u> prejudice.

3   **G.     Plaintiff fails to State a Claim for Violation of Federal Trust and Lien**

4          **Laws:**

5          Plaintiff claims that "defendant violated Federal Trust and Lien Laws when he

6   signed on behalf of the trustee without legal authorization." [Complaint, pg. 16].

7   Although unclear, it appears that this refers to Mr. Mroczek's execution of the NOD

8   on behalf of ZBS as the Trustee Sales Officer [See, RJN, Exhibit D]. Plaintiff fails to

9   provide any factual or legal support to this conclusion. It is unclear what "Federal

10  Trust and Lien Laws" were purportedly violated.

11         As stated above, *Civil Code* §2924(a)(1) provides that "[t]he  trustee,

12  mortgagee, or beneficiary, or any of their authorized agents" may conduct a non-

13  judicial foreclosure. Additionally, to bring an action challenging whether a party to

14  a foreclosure proceeding was authorized to act, a plaintiff must allege a "***factual***

15  ***basis***" for the claim and must go  further than  a  mere  "speculative suit." *Gomes,*

16  *supra,* at p. 1156.  Accordingly, ZBS, as the foreclosing trustee, and BSI as the loan

17  servicer, had the authority to conduct the non-judicial foreclosure.  Thus, this claim

18  fails against Movants and should be dismissed with prejudice.

19  **H.     Plaintiff fails to State a Claim for Slander of Title:**

20         Plaintiff claims that "defendants have caused to be recorded various documents

21  including a Notice of Trustee Sale and [sic] which has impaired the plaintiff's title

22  which continues slander of title." [Complaint, pg. 16].

23         To state a claim for Slander of Title, Plaintiff must allege an "unprivileged,

24  false, malicious publication of disparaging statements regarding the title to property

25  owned by plaintiff, to plaintiff's damage." *Watts v. Decision One Mortg. Co., LLC*,

26  2009 WL 648669, *6 (S.D. Cal. 2009) (citing *Southcott v. Pioneer Title Co.* (1962)

27  203 Cal.App.2d 673, 676). The process of recording foreclosure notices or an

28  assignment of a deed of trust is insufficient to support the claim because such

NOTICE OF MOTION AND MOTION                              3:21-cv-09630-RS
TO DISMISS COMPLAINT

recordings make no claim to title to the Property and did not cast any doubt as to Plaintiff's then ownership interest. *Watts, supra*, 2009 WL 648669 at *6. Further, publication and recording of such documents is a privileged activity. *Civil Code* §2924(d); *Salazar v. Accredited Home Lenders, Inc.*, 2010 WL 2674405, *4 (S.D. Cal. 2010).

The recordation of the foreclosure notices such as the NOD [RJN, Exhibit D] and NOTS [Exhibit E] are a mandatory step to non-judicial foreclosure and is required pursuant to *Civil Code* §2924f. Therefore, the alleged publications by Movants would arguably be subject to the absolute privilege under *Civil Code* § 47(b) or, at least, the qualified privilege of § 47(c). No actual malice is alleged, just baseless conclusion.

As such, Plaintiff's claim for Slander of Title fails against Movants as a matter of law and should be dismissed <u>with</u> prejudice.

## I.      **Plaintiff fails to State a Claim for Slander of Credit:**

Plaintiff claims that "the actions and in actions of the defendants have impaired her credit." [Complaint, pg. 17].

When pleading the publication of a false and defamatory matter, the exact words should be pleading or the publication attached as an exhibit to the Complaint. *Des Granges v. Crall* (1915) 27 Cal. App. 313 (complaint should set put statement verbatim); *Stevens v. Kobayshi* (1912) 20 Cal. App. 153, 154.] As the Court in *Albertini v. Schaefer* (1979) 97 Cal. App. 3d 822, stated: "The rule is of long standing that to authorized a recovery in such action the plaintiff must prove the utterance of the words set forth in his complaint, or enough of them to show that the defendant charged him with the particular offense constituting the slander." *Id*. at 102. Plaintiff's conclusions that Movants' "actions and in actions… impaired her credit" are insufficient; Plaintiff is required to allege the words used in any allegedly defamatory publication.

///

Truth of the statements made is a complete defense against civil liability for defamation, regardless of bad faith or malicious purpose. 5 Witkin, Summary of Cal. Law (9th ed 1988) Torts, sect. 494, p. 583. "A credit report, even one that causes harm, is not defamatory if it is true." *Francis v. Dun & Bradstreet, Inc.* (1992) 3 Cal. App. 4th 535, 540. Here, Plaintiff was in default on her loan [see, RJN, Exhibit D], thus, any negative reporting was accurate, and Plaintiff failed to establish otherwise.

Nevertheless, regardless of the disputed "truth" of any credit reporting, Plaintiff's complaint fails to identify what statements were made, the parties who made the statements, parties to whom the statements were made, or what damage to Plaintiff's credit directly resulted from the statement. While detailed factual allegations are not necessary, Plaintiffs' Complaint must provide more than labels and conclusions. *Twombly,* supra at 555–56.

Where a statement is made under circumstances giving rise to the defense of privilege, the plaintiff, to state a cause of action for slander, must plead the facts indicating actual malice. *Pavlovsky v. Board of Trade of San Francisco* (1959) 171 Cal. App. 2d 110, 114; *Lesperance v. North Amer. Aviation* (1963) 217 Cal. App. 2d 336, 341. Under *Civil Code* § 47(c), a publication is privileged [i]n a communication, without malice, to a person interested therein, (1) by one who is also interested, or (2) by one who stands such relation to the person interested as to afford a reasonable ground for supposing the motive for the communication to be innocent, or (3) who is requested by the person interested to give the information. This privilege extends to mercantile agencies that collect and distribute credit information for profit. *Roemer v. Retail Credit Co.* (1970) 3 Cal. App. 3d 368, 370; *Pavlovsky*, *supra*, at 113-114.

For the purposes of *Civil Code* §47(c), malice has been defined as 'a state of mind arising from hatred or ill will, evidencing a willingness to vex, annoy or injure another person.' If *Civil Code* § 47(c) applies to the occasion on which a communication is made *and* it was made without malice, it is privileged and cannot constitute a defamation under California law." *Brown v. Kelly Broadcasting Co.*

NOTICE OF MOTION AND MOTION
TO DISMISS COMPLAINT

3:21-cv-09630-RS

1  (1989) 48 Cal. 3d 711, 723.

2      Mere negligence in making a sufficient inquiry into the facts on which the

3  statement was based does not relinquish the privilege. *Roemer, supra*, at 371. "Mere

4  inadvertence or forgetfulness, or careless blundering, is no evidence of malice.

5  *Id.* Plaintiff fails to plead any facts indicating that Movants acted with any

6  "willingness to vex, annoy or injure" her.

7      Accordingly, Plaintiff's claim fails and should be dismissed <u>with</u> prejudice.

8  **J.    Plaintiff fails to State a Claim for Infliction of Emotional Distress:**

9      A claim for Intentional Infliction of Emotional Distress ("IIED") requires a

10  plaintiff to plead four elements: (1) outrageous conduct by the defendant, (2) that the

11  defendant intended to cause emotional distress, or at least acted with reckless

12  disregard of the probability that such distress would result, (3) plaintiff must actually

13  suffer severe emotional distress, and (4) the emotional distress must be caused by the

14  defendant's outrageous conduct. *Fletcher v. Western Nat'l Life Ins. Co.*, (1970) 10

15  Cal.App.3d 376, 394.

16      To constitute IIED, defendant's conduct must involve an extreme and

17  outrageous invasion of the plaintiff's mental and emotional tranquility or as going

18  beyond all reasonable bounds of decency. *Alcorn v. Anbro Engineering, Inc.,* (1970)

19  2 Cal.3d 493, 497; *Coleman v. Republic Indem. Ins. Co.,* (2005) 132 Cal.App.4th

20  403, 416.  Moreover, the conduct must be such that it was likely to result in illness.

21  *Scannell v. County of Los Angeles* (1984) 152 Cal.App.3d 596, 615.

22      In *Erlich v. Menezes* (1999) 21 Cal.4th 543, 555, the California Supreme Court

23  confirmed that emotional distress damages are unavailable in cases arising from

24  solely financial injury.  Similarly, in the context of debt collection, courts have

25  acknowledged that "collection of a debt by its very nature often causes the debtor to

26  suffer emotional distress," however, this distress alone is not actionable. *Ross v. Creel*

27  *Printing & Publishing Co., Inc.,* (2002) 100 Cal. App. 4th 736, 745.

28      Here, Plaintiff's allegations for IIED are based on the conclusion that "the

1  defendants have intentionally or negligently taken actions which have caused the

2  Plaintiff's severe emotional distress." [Complaint, pg. 17].  Plaintiff does not provide

3  any facts to allege that any of Movants' conduct was outrageous and intended to cause

4  emotional distress, or was a reckless disregard of the probability that such distress

5  would result.  Moreover, since the allegations are related to the foreclosure

6  proceedings, thus occurring in the context of financial injury/debt collection.  Thus,

7  this claim fails.

8          Lastly, as discussed above, the mailing, publication and delivery of notices and

9  the performance of the procedures for a non-judicial foreclosure, is *privileged*

10  pursuant to *Civil Code* §§ 47 and 2924(d).  The effect of the litigation privilege is that

11  it bars any tort action based on a protected communication.  *See*, *Kachlon v.*

12  *Markowitz*, (2008) 168 Cal.App.4th 316, 333-334; *Silberg v. Anderson*, (1990) 50

13  Cal.3d 205, 216; *Rubin v.Green*, (1993) 4 Cal. 411 1187, 1194-1195.  The privilege

14  of *Civil Code* § 47, subdivision (b) applies to all torts other than malicious

15  prosecution.  *Edwards v. Centex Real Estate Corp.* (1997) 53 Cal.App.4th 15, 29.

16  The court in *Kachlon*, *supra*, at 339-342, stated as follows: "Logic and the purposes

17  of the statutory scheme suggest that the common interest privilege (§47, subd. (c)(1))

18  ... applies to nonjudicial foreclosure. As noted, the common interest privilege, applies

19  to a "communication, without malice, to a person interested therein ... by one who is

20  interested."  Accordingly, this claim fails.

21  **K.    The Court Should Deny Leave To Amend**

22          The Court may properly deny leave to amend when amendment would be an

23  exercise in futility.  *See, e.g., Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729,

24  738 (9th Cir. 1987).  As explained extensively throughout this Motion, Movants are

25  not liable to Plaintiff and Plaintiff cannot plausibly allege a viable claim against

26  Movants.  It, therefore, follows that leave to amend would be futile, and the Court

27  should not give Plaintiff another bite at the apple.

28  ///

1

## IV.   CONCLUSION

2
3
4

Accordingly, for the foregoing reasons, Plaintiff has not and cannot state a claim against Movants and Movants respectfully request that the Court grant this Motion to Dismiss with prejudice.

5

6
7

Respectfully submitted,

DATED:  May 25, 2022            ZBS LAW, LLP

8
9
10
11

By:  */s/ Magdalena Kozinska*
Magdalena Kozinska, Esq.
Attorney for Defendants,
RICK MROCZEK, ZBS LAW, LLP and
BSI FINANCIAL SERVICES

12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

NOTICE OF MOTION AND MOTION                    3:21-cv-09630-RS
TO DISMISS COMPLAINT

**PROOF OF SERVICE**

I am over the age of eighteen years and not a party to the within action.  I am employed by ZBS LAW, LLP, whose business address is: 30 Corporate Park, Suite 450, Irvine, CA 92606.

On May 25, 2022, I served the within document(s) described as: **DEFENDANTS RICK MROCZEK, ZBS LAW, LLP AND BSI FINANCIAL SERVICES' NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES** on the interested parties in this action:

☒      serving the addressee(s) as indicated below and ☒ addressed as follows:

| Name & Contact Information | Role |
|---|---|
| Marisa Ann Belleci<br>4320 Foothill Way<br>Pittsburg, CA 94565<br><br>Tel:          (925) 339-1575<br>Fax:          (925) 432-9322<br>Email:     marisa@bellecidesigns.com | *Plaintiff Pro Se* |

☒    **CM/ECF** (U.S. District Court, Northern District of California, Local Civil Rule 5-5)—The NEF that is automatically generated by the Court's Electronic Filing System constitutes service of the filed document(s) on registered users. All parties who are not registered, if any, were served in the manner set forth above.

☒    (Federal) I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on May 25, 2022, at Irvine, California.


_/s/Kimberly A. Bowers_
KIMBERLY A. BOWERS

NOTICE OF MOTION AND MOTION                                    3:21-cv-09630-RS
TO DISMISS COMPLAINT